UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
Valdosta Division

Filed at ___9:45 A___ M
___8/8___, 20_17_
___BCL___
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| MELISSA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 7:16-cv-74 |
| ) | |
| GRAY TELEVISION LICENSEE, LLC ) | |
| d/b/a GRAY COMMUNICATIONS, and ) | |
| GRAY TELEVISION, INC. d/b/a ) | |
| GRAY COMMUNICATIONS, ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

This cause comes before the Court upon the Unopposed Motion for Entry of a Stipulated Protective Order filed by Defendant Gray Television Group, Inc. d/b/a WSWG, improperly identified as Gray Television Licensee, LLC d/b/a Gray Communications, and Gray Television, Inc. d/b/a Gray Communications ("Defendant"). The Court has reviewed the proposed stipulated protective order submitted by Defendant and finds it to be reasonable. Accordingly, Defendant's unopposed motion is **GRANTED and IT IS HEREBY ORDERED THAT:**

1. The purpose of this Protective Order ("Order") is to permit discovery to proceed with certain understandings regarding confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated "CONFIDENTIAL" under this Order.

1

3. For purposes of this Order, "Confidential Information" is defined as any and all documents that contain certain non-public financial records; personnel or employment records; student records; tax records; tax returns; medical records; date of birth; Social Security Number; marketing, advertising or sales plans; staffing and recruiting information; salary and benefits information; trade secrets and proprietary information; other confidential commercial, competitive, financial, personal, or other sensitive information and any other documents alleged in good faith to be confidential that (1) one party produces to another party pursuant to its obligation to respond to discovery requests, including but not limited to interrogatories, requests for production of documents, requests for admission, and any portion of depositions (including exhibits), or (b) are produced or provided by third parties to any party pursuant to a subpoena. Documents that are publicly available, or that become publicly available (such as by admission into evidence by a court, or by disclosures made pursuant to the Freedom of Information Act), shall not be deemed confidential under this Order. It is anticipated that no party will designate as "CONFIDENTIAL" all produced documents and other materials, but rather will limit such designations to documents and materials properly subject to protective orders pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4. No party may reveal or disclose Confidential Information or cause Confidential Information to be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person or entity other than:

  (a) counsel of record and their staff;

  (b) the Court;

  (c) court reporters employed in connection with this lawsuit;

    (d)    consultants and experts assisting the party in this matter, but only to the extent necessary for the purpose of preparing for trial;

    (e)    any mediator or arbitrator agreed upon by the parties to mediate the disputes between the parties;

    (f)    potential witnesses or deponents;

    (g)    insurance adjusters for the parties, but only to the extent necessary for the purpose of preparing for trial;

    (h)    any third party entity producing any of the "CONFIDENTIAL" information, as to the specific "CONFIDENTIAL" information produced; and

    (i)    others, if the Court so orders, or if written permission is obtained from opposing counsel granting such disclosure.

5. Material marked as "CONFIDENTIAL" shall be used only for the purpose of this action and any related litigation or administrative proceedings involving substantially the same issues and some or all of the same parties. There shall be no reproduction of materials marked as "CONFIDENTIAL," except for the purposes permitted.

6. If any party objects (the "Objecting Party") to the designation of any information or documents as Confidential Information, the Objecting Party may bring its objection to the attention of the party producing the information or documents (the "Producing Party"). The Producing and Objecting Parties must then confer within five (5) business days after the Producing Party was put on notice of the objection in an effort to resolve the dispute. If the parties are unable to resolve the dispute, then the Objecting Party may seek a ruling by the Court that the information or document should not be treated as Confidential Information. The Producing Party will have the burden of proving the confidential nature of the document or the

3

information. The documents, or information, shall be given the "CONFIDENTIAL" treatment initially assigned as provided for in this Order, until this Court enters an Order changing the designation, if any.

7. Any person receiving Confidential Information shall be notified of the material's treatment by the party producing the information to said person, and said person must make every good faith effort to maintain the confidentiality of that information and any document that reflects it.

8. If Confidential Information is disclosed at a deposition, then all those present at the deposition (except the court reporter) must agree to be bound by this Order and acknowledge such agreement by signing a copy of this Order or else leave the deposition during the testimony relating to the Confidential Information and be precluded from learning the substance of the confidential testimony (by receiving a copy of the transcript, videotape, recording or any other means).

9. If any Confidential Information is subpoenaed or otherwise sought from any party or from any other person who has received the Confidential Information from any party, the party shall immediately notify the Producing Party in writing that the information has been subpoenaed or sought, so that the Producing Party may act to protect its interests.

10. If information entitled to protection under this Order is to be submitted to the Court in support of a pleading, motion, or other document, the party seeking to introduce the information shall notify the party designating the material as "CONFIDENTIAL" at least five (5) business days prior to such proposed use so that the designating parting may file a motion requesting that the information be filed under seal.

11. Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal.

12. The parties shall confer and attempt to agree, before any hearing, on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any such hearing upon reasonable notice to all parties who have produced such information.

13. The party claiming the confidentiality of the information or document may elect to remove the designation of any information or documents as Confidential Information.

14. Within thirty (30) days after final termination of the case, including any appeal to the Eleventh Circuit Court of Appeals, all parties in possession of Confidential Information and all other persons who received such information from a party shall:

> (a) return all Confidential Information to the person or entity who produced it; or
>
> (b) destroy all summaries, notes or other documents reflecting any Confidential Information, provided, however, that counsel of record may retain for his or her files copies of work-product or notes, which reflect Confidential Information.

15. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

16. Notwithstanding the foregoing provision, this Order shall not restrict in any

manner the right of any party to offer or use as evidence at the trial of this action any of the documents, answers, transcripts or portions thereof designated as "CONFIDENTIAL" subject to this Order, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

17. Nothing contained in this Order shall be deemed to preclude any party from seeking, for good cause shown, to modify the Order.

18. The inadvertent failure of a party to designate Confidential Information and/or the unauthorized or improper disclosure of Confidential Information to anyone not entitled to receive or review it shall not waive the confidentiality of such information or the obligations under this Order.

19. The provisions of this Order shall survive the termination of this case and continue in full force and effect thereafter.

20. The Court will retain jurisdiction for purposes of enforcement of this Order after the conclusion of this case.

21. The Order shall become effective when entered by the Court and shall operate retroactively to the inception of this case.

IT IS SO ORDERED.

Dated this 7th day of August, 2017.

_____
W. Louis Sands
Senior United States District Judge

**WE ASK FOR THIS:**

By: /s/ J. Fielding Douthat, Jr.
Christopher A. Weich (Ga. Bar No. 757333)
LECLAIR RYAN,
A PROFESSIONAL CORPORATION
1170 Peachtree Street, NE
Suite 2350
Atlanta, Georgia 30309
Telephone: 404.267.2735
Facsimile: 404.267.2750
Email: Christopher.weich@leclairryan.com

J. Fielding Douthat, Jr. (VSB No. 46812)
Admitted Pro Hac Vice
LECLAIR RYAN,
A PROFESSIONAL CORPORATION
919 East Main Street
Twenty-Fourth Floor
Richmond, Virginia 23219
Telephone: (804.916.7116)
Facsimile: (804.916.7164)
Email: fielding.douthat@leclairryan.com
**Attorneys for Defendant**

By: /s/ James Garrity (with permission)
James Garrity
GBN 121837
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
**Attorney for Plaintiff**

7

## EXHIBIT A

## CONFIDENTIALITY

## ACKNOWLEDGEMENT AND AFFIRMATION AGREEMENT

I acknowledge that I have read and understand the Stipulated Protective Order governing the confidentiality of data, documents, and information in the matter of *Melissa Johnson v. Gray Television Licensee, LLC d/b/a Gray Communications and Gray Television, Inc. d/b/a Gray Communications* in the United States District Court for the Middle District of Georgia. I qualify under its provisions as a person who may have access to data, documents, and information deemed Confidential under the Stipulated Protective Order. I will abide by the terms and provisions set forth in the Stipulated Protective Order and subject myself to the personal jurisdiction of this Court to enforce its terms.

Date                                                                 Name

_____                     _____